UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENY L. KING, | ) | CASE NO.  5:23-cv-00312 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN TOM WATSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. 22) recommending the Court deny *pro se* Petitioner Deny L. King's ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and dismiss the claims therein.  Petitioner filed an objection to the R&R on February 13, 2025.  (Doc. 23.)  Respondent Warden Tom Watson[1] ("Respondent") opposed.  (Doc. 24.)  For the reasons stated herein, Petitioner's objections are OVERRULED, and the R&R is ACCEPTED and ADOPTED.  The Amended Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

I. **BACKGROUND**

   A. **Trial Court Proceedings**

On September 17, 2019, a Stark County grand jury indicted Petitioner on three counts: aggravated murder in violation of R.C. § 2903.019(A), with specifications for repeat violent

---

[1] The Court adopts the R&R's substitution of Respondent Dave Bobby, the warden at Northeast Ohio Correctional Institution, for Respondent Tom Watson, the Warden at the North Central Correctional Complex, where Petitioner is currently incarcerated.  (Doc. 22 at 1250 n.1.)

offender (R.C. § 2941.149) and firearm (R.C. § 2941.145) (Count One); felonious assault in violation of R.C. § 2903.11, with specifications for repeat violent offender (R.C. § 2941.149) and firearm (R.C. § 2941.145) (Count Two); and having weapons while under disability in violation of R.C. § 2923.13 (Count Three). *State v. King*, No. 2020-CA-64, 2021 WL 1894070, 2021 Ohio App. LEXIS 1600, *1 (Ohio Ct. App. May 11, 2021).[2]

On June 27, 2019, officers arrived at Brick City Lounge where they found two individuals with gunshot wounds, later identified as Jason Calhoun and Henderson Garner. *Id.* Garner survived, but Calhoun's wounds were fatal. *Id.* at *5. At trial, Garner testified he and Calhoun were friends. They went to the Brick City Lounge for a pool tournament. *Id.* at *3. While playing pool, strangers entered the bar and a fight broke out. *Id.* Security escorted everyone out of the bar. *Id.* Garner and Calhoun met outside and were attempting to latch the door when a man approached them. *Id.* The man, later identified as Petitioner, said he was looking for his friend inside Brick City Lounge. *Id.* Calhoun told Petitioner no one was inside and that everyone was gone. *Id.* Petitioner again asked about his friend and then started shooting. *Id.* Other witnesses corroborated Garner's testimony. *Id.*

Petitioner testified too. *Id.* at *6. He and a friend were at Brick City Lounge. *Id.* He was hit by a beer bottle and a pool stick during the fight. Petitioner tried to leave the bar, but someone was holding the door closed. *Id.* Eventually, he made it out of the bar with his friend. *Id.* Then they heard gunshots. *Id.* It was at this point Petitioner realized a third friend, Milan

---

[2] Petitioner did not object to the R&R's reliance on the state court appellate opinion to establish the factual record. Under the Antiterrorism and Effective Death Penalty Act of 1998, the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Therefore, the facts established in the state court proceedings and restated in the R&R are presumed correct.

Carr, was not with them. *Id.* He grabbed a gun that was in his car and went back to the bar to find Carr. *Id.* Petitioner testified he heard someone threatening to "finishing [someone] off," which he took as someone threatening to kill Carr. *Id.* Calhoun would not let Petitioner back into Brick City Lounge. *Id.* Petitioner saw Calhoun lower his hand and that's when Petitioner began firing. *Id.*

The jury returned guilty verdicts on all counts. *Id.* at *7. The trial court sentenced Petitioner to life in prison without the possibility of parole for the aggravated murder charge, a concurrent six-to-nine-year prison term for the felonious assault charge, a concurrent thirty-six-month prison term for having a weapon under a disability, and a mandatory three-year prison term on each for the firearm specifications. *Id.*

    **B.**    **Direct Appeal**

On March 20, 2020, Petitioner timely appealed to the Fifth District Court of Appeals raising three assignments of error:

1. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

2. THE VERDICT IS INSUFFICIENT AS A MATTER OF LAW.

3. THE TRIAL COURT'S SENTENCING WAS IN ERROR, DEPRIVING APPELLANT OF HIS CONSTITUTIONAL RIGHTS.

(Doc. 22 at 1255.) On May 11, 2021, the appellate court affirmed Petitioner's convictions. *King*, 2021 WL 1894070, 2021 Ohio App. LEXIS 1600, *1. Petitioner did not appeal to the Supreme Court of Ohio. (Doc. 22 at 1255.)

On August 6, 2021, Petitioner filed a *pro se* application to reopen his appeal with the Fifth District Court of Appeals. (Doc. 6-1 at 193.) He raised four grounds for relief. (*Id.* at 194-200.) First, Petitioner raised ineffective assistance of counsel and described six instances of

alleged ineffectiveness. (*Id.* at 194-98.) Second, Petitioner claimed the trial court abused its discretion when it placed the burden of persuasion for self-defense on him, which compelled him to take the stand. (*Id.* at 198.) Third, Petitioner alleged prosecutorial misconduct prejudiced the proceedings. (*Id.* at 198-99.) Lastly, Petitioner argued the trial court abused its discretion when it failed to declare a mistrial after the victim's family made prejudicial statements. (*Id.* at 199.)

On September 29, 2021, the court of appeals denied Petitioner's application to reopen his appeal. (*Id.* at 217.) Petitioner appealed the denial of his application to the Supreme Court of Ohio. (*Id.* at 225-38.) On February 1, 2022, the Supreme Court of Ohio declined jurisdiction. (*Id.* at 252.)

### C. Postconviction Relief and Motion for New Trial

On April 30, 2021, Petitioner sought postconviction relief in the trial court. (Doc. 6-1 at 253.) In his motion, he claimed three grounds for relief: (1) ineffective assistance of counsel for failure to conduct a meaningful pretrial investigation; (2) ineffective assistance of counsel for failing to retain an expert to examine the video evidence; and (3) prejudice resulting from the victim's family and friends dining near jurors during a lunch break. (*Id.* at 255-58.) The trial court dismissed the motion finding it barred by *res judicata* because these issues were not raised on direct appeal. (*Id.* at 297-301.)

On December 6, 2021, Petitioner appealed the denial of his motion for postconviction relief. (*Id.* at 302.) His appeal raised two assignments of error: (1) the trial court abused its discretion when it failed to make findings of fact and conclusions of law; and (2) the trial court abused its discretion for failing to hold an evidentiary hearing regarding Petitioner's claim of ineffective assistance of counsel. (*Id.* at 306.) Petitioner also challenged the trial court's application of *res judicata* to his claims. (*Id.*)

The court of appeals affirmed the trial court's order and rejected Petitioner's claims on appeal. (*Id.* at 336.) On April 21, 2022, Petitioner appealed to the Supreme Court of Ohio. (*Id.* at 351.) He raised two propositions of law:

> **Proposition of Law No. 1.** The term "Findings of Fact and Conclusions of Law" cannot lawfully be substituted with words a trial Court chooses to use on a whim, and a trial court that substitutes its own language for statutorily required language contravenes R.C. 1.42, abuses its discretion and commits prejudicial error by not making findings of fact and conclusions of law to each ground set forth in a petition for post-conviction relief according to this Court's holding in *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 and *State v. Lester* (1975), 41 Ohio St.2d 51.
>
> **Proposition of Law No. 2.** A trial court should hold an evidentiary hearing when there is solid proof of a tainted jury and counsel ineffectiveness, and a trial court abuses its discretion and commits prejudicial error by not ordering an evidentiary hearing that would have proven, *inter alia*, ineffectiveness of counsel, jury impropriety and tampering with evidence, but not limited to, and said court further commits prejudicial error in holding that legitimate grounds stated in petition are barred by *res judicata*.

(*Id.* at 358, 360.) On June 21, 2022, the Supreme Court of Ohio declined jurisdiction. (*Id.* at 388.)

On September 7, 2022, Petitioner filed a Motion for Leave to File Delayed Motion for New Trial with the trial court. (*Id.* at 389, 399.) The motion argued newly discovered evidence showed the publication of trial proceedings by the media prior to the jury's verdict, which allegedly violated Petitioner's constitutional rights. (*Id.* at 399.) The trial court denied the Motion, finding that Petitioner did not meet his burden to establish relief, namely he did not describe the investigative steps undertaken by counsel or how counsel was "unavoidably prevented from discovering the evidence." (*Id.* at 415.) Petitioner filed a Motion for Reconsideration (*id.* at 416), which the trial court also denied (*id.* at 424).

On October 19, 2022, Petitioner appealed the denial of his Motion for Leave to File Delayed Motion for New Trial. (*Id.* at 425.) Petitioner argued three assignments of error:

> **Appellant's First Assignment of Error**: The trial court abused its discretion and committed prejudicial error by violating Sup. R. 12(C)(2): Conditions for Broadcasting and Photographing Court Proceedings. (C) Limitations which states: (2) The judge shall inform victims and witnesses of their right to object to being filmed, videotaped, recorded, or photographed.
>
> **Appellant's Second Assignment of Error**: Appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the United States when counsel failed to make him aware that Appellant was being recorded with a live Twitter feed during Appellant's role as a witness.
>
> **Appellant's Third Assignment of Error**: Trial court's decision violated the Ohio Supreme Court's holding in *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783.

(*Id.* at 429.)  On June 14, 2023, the court of appeals affirmed the trial court.  (*Id.* at 457.)  On September 12, 2023, the Supreme Court of Ohio declined jurisdiction.  *State v. King*, 216 N.E.3d 700 (Ohio 2023) (table decision).

### D. Federal Habeas Petition

On February 16, 2023, Petitioner filed his Petition ("Original Petition").  (Doc. 1.)  In it, Petitioner raised three grounds for relief, all of which relate to his April 2021 postconviction motion filed in the trial court:

> **Ground One for Relief**: Counsel was ineffective for failing to conduct a meaningful pretrial investigation.
>
> **Ground Two for Relief**: Counsel was ineffective for failing to request and/or provide experts to examine Exhibits 1, 2, & 3 per Criminal Rule 16(B).
>
> **Ground Three for Relief**: Petitioner's case was compromised with the impropriety of victim's family and friends dining in the direct proximity of jurors while discussing the case.

(*Id.* at 18-20.)  Petitioner sought leave to file an amended petition (Doc. 7), which was granted (Doc. 15).  On March 21, 2024, Petitioner filed his Amended Petition, raising the following grounds for relief:

> **Ground One**: Counsel was ineffective for not requesting a self defense instruction.

> **Ground Two**: Counsel was ineffective for not obtaining independent expert analysis of crucial video evidence, which might have revealed vital details about the actual shooter's identity and the victim's actions, thereby undermining the defense's case.
>
> **Ground Three**: The petitioner's case faced potential compromise due to the impropriety of the victim's family and friends dining near jurors at Napoli's Italian restaurant and discussing the case, coupled with an outburst from the victim's brother in court, suggesting a high likelihood of prejudicial influence on the jury.

(Doc. 17-1 at 1113-21.)

### E. The R&R

The R&R first recommended finding Ground One of the Amended Petition barred by the statute of limitations. (Doc. 22 at 1266, 70.) In the Original Petition, Petitioner claimed ineffective assistance of trial counsel for failing to conduct a meaningful investigation into the victims' criminal history and the existence of an unidentified female witness. (*Id.* at 1268.) Petitioner amended his petition, changing ground one to a claim relating to ineffective assistance of counsel for not requesting a self-defense instruction. (*Id.*) Petitioner timely filed for post-conviction relief on April 30, 2021, tolling the statute of limitations until one year after direct review. (*Id.* at 1267.) The Supreme Court of Ohio declined jurisdiction on June, 21, 2022. (*Id.* at 1268.) Thus, Petitioner had to file a petition on or before June 22, 2023. (*Id.*) On January 29, 2023, Petitioner filed his Original Petition. (*Id.*) Petitioner did not file his Amended Petition until March 21, 2024, months after the expiration of the statute of limitations. (*Id.*) The R&R also recommended finding the relation back doctrine inapplicable. (*Id.* at 1269.)

The R&R recommended finding procedural default on all remaining claims. (Doc. 22 at 1270.) Petitioner brought three claims in his Amended Petition: (1) ineffective assistance for failure to request a self-defense instruction; (2) ineffective assistance for failing to hire an expert to examine video footage; and (3) prejudice resulting from the victim's family and friends

allegedly talking to jurors during lunch break at a local diner. (*Id.*) Notably, Petitioner did not raise any of these issues on direct appeal. (*Id.*) After reviewing the *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) considerations, the R&R concluded Petitioner did not raise the grounds for relief on direct appeal, and his claims were barred by *res judicata*. (*Id.* at 1271.)

The R&R recognized the exceptions to the procedural default bar but found none applied. (*Id.* at 1272.) The R&R recommended rejecting Petitioner's request for discovery finding it amounted to a fishing expedition. (*Id.* at 1273-74.) The R&R similarly recommended denying Petitioner's request for an evidentiary hearing. (*Id.* at 1274-77.) Lastly, the R&R recommended the Court deny Petitioner's request for a certificate of appealability. (*Id.* at 1280.)

   **F.**  **Petitioner's Objection to the Report and Recommendation**

On February 13, 2025, Petitioner timely filed objections to the R&R. (Doc. 23.) Petitioner stated three objections:

> **Objection No. 1**: King objects that the Magistrate Judge erroneously concluded Petitioner cannot demonstrate actual innocence, because Ohio Rev. Code § 2901.05(B)(1) imposes on the State the duty to disprove self-defense beyond a reasonable doubt, rather than making it an affirmative defense—making such a matter of factual rather than legal innocence.
>
> **Objection No. 2**: Petitioner objects that the Magistrate Judge improperly found the self-defense instruction claim untimely because it arises from the same factual narrative of counsel's ineffective representation alleged in the original petition and thus relates back under Fed. R. Civ. P. 15(c).
>
> **Objection No. 3**: King objects that the recommendation that grounds one (in part), two, and three are procedurally defaulted overlooks key factual and legal considerations and ignores counsel's ineffectiveness as potential "cause" to excuse default.

(*Id.* at 1286-95.)

**II.    LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S.Ct. 10, 187 L.E.2d 348 (2013). "The Supreme Court has regularly 'reminded' courts that this text adopts a 'difficult to meet' test." *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023) (quoting *White v. Woodall*, 572 U.S. 415, 419, 134 S.Ct. 1697, 188 L.Ed.2d 698 (2014)). The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (internal quotations and citations omitted). AEDPA's deferential review standard was intentional. *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, 1994 U.S. App. LEXIS 27813, at *3 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate

judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); *see also* Fed. R. Civ. P. 72(b)(3).

The question on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). To receive habeas relief in federal court, the petitioner "must show the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103-04. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Va.*, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

An objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a proper objection for the district court's *de novo* review. *Woodson v. Ohio*, No. 19-cv-0339, 2022 WL 842240, 2022 U.S. Dist. LEXIS 51388, at *3 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004)); *see also* L. Civ. R. 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

### III. ANALYSIS

#### A. First and Third Objections

Petitioner does not dispute his claims are procedurally defaulted. Instead, he claims exceptions apply. (Doc. 23 at 1286-87, 1294-95.)

A petitioner may overcome the procedural default bar if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case"). The two exceptions are addressed below.

##### 1. Miscarriage of Justice

A party may overcome a procedural default if a constitutional violation resulted in a fundamental miscarriage of justice resulting in a conviction of a person who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). The "actual innocence" exception "requires a petitioner to show that 'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Hubbard v. Rewerts*, 98 F.4th 736, 742 (6th Cir. 2024) (quoting *McQuiggin*, 569 U.S. at 399). Among other principles of the actual innocence exception, a petitioner must present "new reliable evidence." *Id.* at 743 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115

S.Ct. 851, 130 L.Ed.2d 808 (1995)). And "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). "This means that a petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he *factually* did not commit the crime." *Id.*

Petitioner addressed the actual innocence exception in a single paragraph in his traverse, explaining "[i]f new evidence supports" his innocence, the exception applies. (Doc. 21 at 1239.) He argues, in Ohio, where an "accused raises self-defense or defense of another, the government's inability to negate that justification renders the alleged offense unproven" which "reflects actual innocence." (Doc. 23 at 1289.) To Petitioner, the R&R does not reflect this "distinctive burden" under Ohio law as applied to the facts of this case. (*Id.* at 1290.) Further, Petitioner argues additional discovery may reveal new evidence that supports his self-defense claim. (*Id.*) And Petitioner also raised arguments regarding the nature of Ohio's self-defense law. (*Id.*)

Petitioner has not developed an argument regarding a fundamental miscarriage of justice, nor did Petitioner cite any "new reliable evidence." Therefore, Petitioner did not show the actual innocence exception applies in his case. Petitioner's expanded and additional arguments raised in his objection cannot now be considered. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Based on the submissions before the Magistrate Judge, the R&R correctly concluded Petitioner did not sufficiently develop an argument regarding the actual innocence exception.

Even if these new arguments could be considered, they fail. As in his Original Petition and Traverse, Petitioner does not develop an argument identifying new evidence supporting a

claim of actual innocence. Instead, he discusses the law of self-defense. But his "arguments concerning the law of self defense do not establish a claim of actual innocence." *Dane v. Sheets*, No. 08-cv-295, 2009 WL 1163122, 2009 U.S. Dist. LEXIS 37207, *11 (S.D. Ohio Apr. 29, 2009); *see also Craig v. White*, 227 F. App'x 480, 481-82 (6th Cir. 2007) (refusing to apply actual innocence exception because petitioner "does not claim that any new evidence undermines our confidence in his sentence, but rather argues actual innocence based only on his new reading of [state] law"). These arguments relate to legal innocence, not factual innocence. And, in any event, Petitioner still does not identify any "new reliable evidence." Petitioner posits additional discovery may reveal such evidence. (Doc. 23 at 1290.) But to avoid procedural default, he must present evidence. *Schlup*, 513 U.S. at 324 (a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial").

### 2. Cause-and-Prejudice

"When a petitioner procedurally defaults a claim, he may nevertheless obtain review of the claim if he demonstrates 'cause for the default and actual prejudice.'" *Theriot v. Vashaw*, 982 F.3d 999, 1004 (6th Cir. 2020) (quoting *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Petitioner addressed the cause-and-prejudice exception in a single sentence in his Traverse. (Doc. 21 at 1239.) Petitioner argued the State "neglects the possibility that the alleged

ineffective assistance of counsel could itself constitute 'cause.'" (*Id.*)  As with his first objection, Petitioner now raises a host of new and expanded arguments.  Petitioner agrees his claims are forfeited if they are not brought on direct appeal.  However, Petitioner argues his trial counsel's shortcomings prevented his timely and proper presentation of his appeal in state court.  (Doc. 23 at 1295.)  That is, Petitioner argues his direct appellate counsel did not have a full record because of trial counsel's ineffectiveness, and therefore, he has demonstrated "cause" to set aside the procedural default.  (*Id.* at 1295-96.)  These arguments, once again, cannot properly be considered for the first time in an objection to a report and recommendation.  Petitioner did not sufficiently develop any cause-and-prejudice exception argument.

      Even considering Petitioner's new arguments, they are unpersuasive.  Ineffective assistance of counsel can be sufficient to establish the cause-and-prejudice exception to procedural default, but "if [Petitioner's] underlying ineffective assistance of trial counsel arguments lack merit, he cannot show cause and prejudice via ineffective assistance of appellate counsel."  *Martin v. Mitchell*, 280 F.3d 594, 606 (6th Cir. 2002).  This is what Petitioner attempts to argue here—his trial counsel was ineffective, which then rendered his appellate counsel ineffective.  However, the state trial and appellate court in Petitioner's post-conviction motion both found no evidence Petitioner's trial counsel was ineffective.  (Doc. 6-1 at 300, 345-46.)  And on the record before the Court, no ineffective assistance of counsel claim is properly presented by Petitioner.  To succeed on an ineffectiveness of trial counsel claim, Petitioner must show deficient performance which prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  While Petitioner cites to numerous alleged deficiencies of trial counsel, he has not explained how any of those deficiencies prejudiced his defense or would have changed the result of his trial.

**B.     Second Objection**

Federal habeas actions are subject to a one-year statute of limitations period.  A petitioner may not amend claims after that limitations period unless the amendment relates back to the original petition.  *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008).  An amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  In the habeas context, an amendment relates back "[s]o long as the original and amended petition state claims that are tied to a common core of operative facts."  *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  A claim does not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  It is insufficient for a claim to "relate to the same trial, conviction, or sentence as a timely filed claim."  *Id.* at 662.

In his Original Petition, Petitioner claimed trial counsel was ineffective for not conducting a meaningful pretrial investigation that would have revealed the victims' criminal histories or the identity of a female witness who would have testified Petitioner was trying to defuse the situation before it escalated.  (Doc. 1-1 at 18-19.)  The Amended Petition dropped the claim.  The Amended Petition instead argued trial counsel was ineffective for not requesting a self-defense instruction.  (Doc. 17-1 at 1113.)  The amendment came after the expiration of the statute of limitations.  (Doc. 22 at 1267-68.)  Therefore, Petitioner's amended claim could only continue if it related back to the Original Petition.  The R&R recommended finding it did not because it was "different in both time and type to the original ineffectiveness claim."  (*Id.* at 1269.)

In his objection, Petitioner argues his Amended Petition added details to the Original Petition and both claims are linked "directly to the same core of alleged ineffectiveness—trial counsel overall failure to investigate and present crucial exculpatory material." (Doc. 23 at 1291.)  To Petitioner, the self-defense instruction claim in the Amended Petition stems from uninvestigated facts, including the criminal history of witnesses and unexplored witness testimony.  (*Id.* at 1292-93.)  Thus, the self-defense claim is a "logical extension" of the Original Petition, he urges.  (*Id.* at 1293.)  For Petitioner, the R&R too strictly relied on *Mayle v. Flex*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) and *Watkins v. Stephenson*, 57 F.4th 576 (6th Cir. 2023), in concluding the claim did not relate back.  (*Id.* at 1294.)

Petitioner's Original Petition claimed ineffective assistance of counsel for failing to conduct a meaningful pretrial investigation.  His Amended Petition argues his trial counsel committed a procedural error at trial by failing to request a self-defense instruction.  That is, his Original Petition related to trial counsel's factual investigation of the matter, while the Amended Petition relates to conduct at trial.  In *Watkins*, the Sixth Circuit found similar types of claims did not relate to one another.  There, petitioner initially alleged ineffective assistance due to failure to investigate and raise a defense at trial.  57 F.4th at 581.  In an amended petition, petitioner raised ineffective assistance of counsel relating to the failure to request self-defense instructions, failing to object to an allegedly biased juror, and for failing to communicate with defendant before trial.  *Id.*  The Sixth Circuit held the amended claims did not relate back to the original because the new claims did not add "more detail" to the new allegations, but instead, involved completely different procedural, rather than factual, issues at trial.  *Id.* at 581-82.  Here, as in *Watkins*, while Petitioner believes the investigation into the criminal histories of witnesses and the potential testimony of a new witness may tend to support a claim of self-defense, the

investigation into these matters and the request for a jury instruction are separate transactions and occurrences. Like *Watkins*, Petitioner's original claim related to a factual issue, while his amended claim related to a procedural trial issue. The Amended Petition does not simply differ "only in specificity," but instead differs "in kind." *Id.* at 581.

Accordingly, Petitioner's amended ground one did not relate back to his Original Petition. To the extent the Amended Petition asserts ineffective assistance of trial counsel for failing to request a self-defense instruction, the claim is time-barred.

  **C.** **Request for Discovery, Evidentiary Hearing, and Certificate of Appealability**

Petitioner requested discovery and an evidentiary hearing. (Doc. 23 at 1298.) He also requested a certificate of appealability. (*Id.* at 1299.) Petitioner originally made these requests in his Petition and Traverse, but the R&R recommended finding he was not entitled to discovery or an evidentiary hearing. (Doc. 22 at 1273-79.) It similarly recommended Petitioner was not entitled to a certificate of appealability. (*Id.* at 1280.)

  **1.** **Discovery**

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) ("Habeas petitioners have no right to automatic discovery") (citation omitted). "A district court may, however, permit discovery in a habeas proceeding if the 'petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate.'" *Johnson*, 585 F.3d at 934 (quoting *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)); *see also* Habeas Rule 6(a) ("[a] judge may, for good cause, authorize a party to

conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.").

Petitioner primarily seeks to obtain restaurant employee interviews he did not have before, more comprehensive video footage, and expert discovery on the footage. (Doc. 23 at 1298.) Petitioner presents no specific allegations to direct the Court as to how this evidence would develop facts supporting federal habeas relief. This is his burden. The "bald assertions and conclusory allegations" as submitted are insufficient. *Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001) (quotation and citation omitted).

### 2. Evidentiary Hearing

"[U]nder AEDPA, evidentiary hearings are not mandatory." *Johnson*, 585 F.3d at 934 (quoting *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003)). Such hearings are only available in limited circumstances. Pursuant to § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless":

> (A) the claim relies on—
>
>> i. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> ii. a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

After review of the state court record, the R&R concluded Petitioner failed to develop a factual basis for his claims in the state court proceedings. (Doc. 22 at 1276.) On that point, the R&R summarized the state court proceedings which demonstrated a lack of diligence in pursuing the discovery Petitioner now seeks. (*Id.*) For instance, Petitioner relied only on his own self-

serving affidavit in support of his attempt to prove ineffective assistance of trial counsel due to alleged failures to investigate the case. (*Id.* at 1277.) Accordingly, the R&R concluded his claims do not depend on a factual predicate that could not have been previously discovered through the exercise of due diligence. (*Id.* at 1279.) The R&R also concluded Petitioner has not shown his claims rely on a new rule of constitutional law. (*Id.*)

In his objection to the R&R, Petitioner merely restates similar arguments but does not address how he was not at fault for failing to develop evidence in state court. For that reason, as the R&R recommended, his request for an evidentiary hearing is denied. *See Hutchison v. Bell*, 303 F.3d 720, 749-50 (6th Cir. 2002) (finding petitioner failed to diligently develop factual basis for ineffective assistance claim in state court when he was on notice of alleged facts at the time of trial but failed to pursue them).

### 3. Certificate of Appealability

Petitioner requests a certificate of appealability ("COA"). (Doc. 23 at 1299.) "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). For all the reasons discussed above, Petitioner has not made a showing his Amended Petition states a valid claim of the denial of constitutional right nor has he shown it is debatable whether he procedurally defaulted on his claims. The Court denies Petitioner's request for a COA.

## IV. CONCLUSION

For the reasons stated herein, Petitioner Deny L. King's objections are OVERRULED, and the R&R is ACCEPTED and ADOPTED. The Amended Petition for Writ of Habeas Corpus (Doc. 17) is DENIED and DISMISSED. The Court certifies that an appeal from this decision could not be take in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: November 24, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE